IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL TODD RAYNES

               Plaintiff,

v.                                          CIVIL ACTION NO.   2:19-cv-00289

CAPTAIN D'S, LLC,

               Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is the defendant's Motion to Dismiss and Compel Arbitration [ECF No. 5]. On May 9, 2019, the plaintiff responded. The defendant did not reply, and the time to reply has expired. The Motion is now ripe for review. For the reasons that follow, the Motion is **GRANTED**.

I.    Introduction

The defendant, Captain D's LLC, operates a chain of seafood restaurants and employed the plaintiff, Michael Raynes. As a condition of employment, the plaintiff agreed to the terms of the defendant's Employee Dispute Resolution Plan [ECF No. 5-1] ("EDR Plan").

The EDR Plan creates a two-step procedure for resolving disputes that arise from the employment relationship. *See* Mot. Dismiss Ex. 1 at 6. At step one, there is an internal complaint process where employees "try to resolve their problems and

complaints through discussions with their immediate supervisor or their department head." Alternatively, the employee can bring the dispute to the attention of the Human Resources Department. *Id.* If that fails, and if the company or the employee wishes to pursue the claim further, they must do so through "final and binding arbitration" at step two. *Id.*

The terms of the EDR Plan cover the following claims:

> Except as provided in this Plan, this Plan applies to any and all legal claims, demands or controversies between the Company and its employees, including those that relate to, arise from, concern, or involve in any way this Plan, *the employment of the employee*, or any other matter between the Company and the employee, whether or not involving the employee's employment relationship with the Company. By way of example and without limitation, *this Plan covers allegations of discrimination based on race, sex, religion, age, ethnic origin, national origin, color, disability or handicap*; wage disputes; retaliation for exercising legal rights or refraining in engaging in illegal activity; defamation; infliction of emotional distress; invasion of privacy; promissory estoppel; wrongful discharge or *wrongful termination*; breach of fiduciary duties; breach of contract; negligence; and willful misconduct.

*Id.* at 5 (emphasis added)

On March 1, 2019, the plaintiff filed his Complaint [ECF No. 1-1] in the Circuit Court of Kanawha County, West Virginia, alleging claims of discrimination and wrongful discharge. Specifically, he alleges that the defendant failed to accommodate his purported disability and terminated his employment because of his disability in violation of the West Virginia Human Rights Act ("WVHRA") and the Americans with

Disabilities Act ("ADA"). *See* Compl. On April 17, 2019, the defendant removed this action based on federal question jurisdiction and invoking the court's supplemental jurisdiction over the state claims. On May 9, 2019, the defendant moved to compel arbitration and dismiss this action pursuant to the EDR Plan.

## II. Legal Standard

The Federal Arbitration Act ("FAA") provides that written arbitration agreements involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2012). The FAA embodies "a congressional declaration of a liberal federal policy favoring arbitration agreements . . . [and] create[s] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). A court must give "due regard" to this federal policy favoring arbitration and should resolve "ambiguities as to the scope of the arbitration clause itself in favor of arbitration." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475–76 (1989).

If a court determines that an arbitration agreement is governed by the FAA, it must enforce the agreement and stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration" under the agreement. 9 U.S.C. § 3. As the Fourth Circuit Court of Appeals has observed, "[t]his stay-of-litigation provision is mandatory," and a district court "has no choice but to grant a motion to compel

arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002).

The Fourth Circuit Court of Appeals has incorporated these requirements of the FAA into four factors that, if demonstrated by the litigant, allow him to compel arbitration and force the court to stay the case:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [nonmoving party] to arbitrate the dispute.

*Id.* at 500–01 (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991)).

### III. Discussion

Conceding that the he is bound by the EDR Plan, i.e., the arbitration agreement, the plaintiff's only argument is that the court should stay this action, as opposed to dismissing it, pending the outcome of arbitration. Resp. 2 [ECF No. 7]. But the Fourth Circuit has held that "dismissal is a proper remedy [under section 3 of the FFA] when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001). Because all of the plaintiff's claims in this lawsuit arise from the employment relationship or are otherwise enumerated under the EDR Plan,[1] I **FIND** that all the plaintiff's claims

---

[1] Count 1, failure to accommodate under the WVHRA; Count 2, disability discrimination in violation of the WVHRA; Count 3, failure to accommodate under the ADA; and Count 4, disability discrimination in violation of the ADA. *See* Compl. 9–12.

4

are arbitrable. Accordingly, because "all of the issues presented in [this] lawsuit are arbitrable," dismissal is warranted. *See Choice Hotels*, 252 F.3d at 709.

## IV. Conclusion

For the foregoing reasons, the defendant's Motion to Dismiss and Compel Arbitration [ECF No. 5] is **GRANTED.** The court **DIRECTS** the parties to proceed to arbitration consistent with the terms of the EDR Plan. Further, the court **ORDERS** that this case be **DISMISSED without prejudice** and **STRICKEN** from the docket. The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: May 31, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE